IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONNA M. ALEXANDER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-2666 |
| REGINALD HENRY HENDRIX, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

In this case, in which both parties are proceeding *pro se*, Plaintiff Donna M. Alexander alleges that she has been subjected to various forms of harassment and abuse by Defendant Reginald Henry Hendrix ("Defendant" or "Mr. Hendrix"). This case was originally filed in the United States District Court for the District of Eastern District of Pennsylvania, dismissed for lack of venue, and subsequently refiled in this Court, and it presents just one of a number of separate fronts in which the parties have waged their domestic disputes.[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendant Reginald Henry Hendrix's Motion to Dismiss (ECF No. 8) is GRANTED and this case will be DISMISSED. Due to

---

[1] In addition to this case, Plaintiff filed another case in the United States District Court for the Eastern District of Pennsylvania which was transferred to the United States District Court for the Eastern District of Virginia. Additionally, it appears the parties were involved in, *inter alia*, a custody dispute in the Virginia state court system and a criminal proceeding in Maryland state courts.

    The effect of these actions—whether preclusive or otherwise—has not been raised by the parties. This Court notes, however, that the action heard in the Eastern District of Virginia was substantially similar to this action. The court held a hearing, granted the Defendant's motion to dismiss, and dismissed the action in its entirety on July 11, 2014. The minute entry states that the court found "there [was] no 1983 cause of action regarding this matter." *See Alexander v. Hendrix*, 14-cv-471-TSE-TRJ, ECF No. 13 (E.D. Va. Jul. 11, 2014).

the dismissal of this case, Plaintiff's Motion for Certificate of Default Judgment (ECF No. 11), Defendant's Motion to Deny Certificate of Default Judgment (ECF No. 12), Plaintiff's Motion for Temporary Injunction and Restraining Order (ECF No. 13), and Defendant's Motion to Dismiss Motion for Temporary Injunction and Restraining Order (ECF No. 14) are DENIED as moot.

## BACKGROUND

This Court accepts as true the facts alleged in the plaintiffs' complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). A plaintiff filing *pro se* is held to a "less stringent standard[]" than is a lawyer, and the court must liberally construe his claims. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations).

*Pro se* Plaintiff Donna M. Alexander ("Plaintiff" or "Ms. Alexander") levels a number of allegations of abuse against the father of her minor child, Defendant Reginald Henry Hendrix ("Defendant" or "Mr. Hendrix"). Specifically, the "Background & Facts" section of the Complaint states in its entirety:

> **Donna M. Alexander (Plaintiff) and Reginald Henry Hendrix (Defendant)** share Joint Legal Custody of their minor child and has [sic] exchanged the child at the Bel Air State Trooper Barracks D, Bel Air Maryland location since March 2012. Defendant has been engaging in a Course of Conduct of Domestic Violence, Harassment, Stalking, and Telephone Misuse with Verbal Threats against the Plaintiffs [sic] life, well-being and other Malicious Conduct against Plaintiff on that government property **(Bel Air Maryland State Trooper Barracks D)** and at other locations to include conspiring with others to harass Plaintiff in the presence of the Plaintiffs [sic] minor child and friend who has been a witness of the ongoing

> abuse. Defendant and Plaintiff have a child in common and Defendant has a history of Domestic Violence against the Plaintiff and others.
> In August 2012, Defendant was sent a letter from the Plaintiffs [sic] attorney asking him to cease, desist and refrain from harassing Plaintiff. The Defendant's conduct persisted and he **was charged with a course of conduct of harassment and telephone misuse of verbal abuse and threatening Plaintiff's life by the Hartford County Maryland District Attorney and was placed on a probation program on October 30, 2013 for that crime against the Plaintiff.** Defendant, Reginald Henry Hendrix has been investigated and found guilty by the United States Inspector General's Office, a Federal Investigative Agency on several occasions other crimes [sic] and/or violations that he has committed against the Plaintiff. **The Defendant's malicious harassing conduct has caused the Plaintiff considerable physical, mental, emotion, economic and financial damages. Defendant's past and present conduct clearly indicates that he believes that he is above the law since he continues to commit these crimes against the Plaintiff.** The Defendant has a history of, [sic] Lying, Misrepresentation, Domestic Violence, Physical Abuse, Drug and Alcohol DUI, Eluding Police Officers and was convicted and sentenced in the State of Georgia for these violations. Defendant also provided false statements to the federal government to harm the Plaintiff and their minor child and was found guilty by the government (United States Inspector General) in violation of Article 107 (False Official Statements).

Pl.'s Compl. 3-4, ECF No. 1. Elsewhere, Ms. Alexander alleges that the minor child was in her custody during the early days of April 2012. She asserts that she notified Mr. Hendrix of her intentions regarding the exchange of the child at the Bel Air State Trooper Barracks "by exchanging emails, voice messages and phone conversations." *Id.* Despite these communications, Ms. Alexander alleges that Mr. Hendrix "maliciously swore" a false criminal complaint and police report to the local police officers in Prince William County, Virginia on April 9, 2012. *See id.* at 7. Plaintiff asserts that, due to this complaint, State

3

Troopers in Bel Air, Maryland falsely arrested her on April 10, 2012.  Ms. Alexander asserts that she was then jailed for six days without bail in the "Harford County maximum security Detention Center . . . without suspicion or probable cause." *Id.*

Ms. Alexander's Complaint identifies a number of criminal statutes, including 18 U.S.C. § 875(c), 47 U.S.C. § 223, 18 U.S.C. § 2261, 18 U.S.C. § 2261A, 18 U.S.C. § 1509, 18 U.S.C. § 241, as the basis of her claims.  On September 25, 2014, Mr. Hendrix filed the pending Motion to Dismiss (ECF No. 8).  In her response, Ms. Alexander argued that her claims were in the spirit of a civil rights claims and mentioned 28 U.S.C. § 1983, 1985, & 1986 for the first time.

Subsequently, Ms. Alexander filed a Motion to Request Certificate of Default Judgment (ECF No. 11), and Mr. Hendrix countered with a Motion to Deny Certificate of Default Judgment (ECF No. 12).  Thereafter, Ms. Alexander filed a Motion for Temporary Injunction and Restraining Order (ECF No. 13), and Mr. Hendrix responded with a Motion to Dismiss Request by Plaintiff for Temporary Injunction and Restraining Order (ECF No. 14).

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests

surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, __ F.3d __, 2015 WL 1088931, *11-12 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*). Under the plausibility standard, a complaint must contain "more than labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. While the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

## ANALYSIS

I. **DEFENDANT'S MOTION TO DISMISS**

A. **Federal Claims**

Plaintiff alleges that the Defendant has engaged in a pattern of stalking, harassment and domestic abuse, and has identified the following federal statutes in her Complaint as the basis for her claims: 18 U.S.C. § 875(c), 47 U.S.C. § 223, 18 U.S.C. § 2261, 18 U.S.C. § 2261A, 18 U.S.C. § 1509, 18 U.S.C. § 241.[2] These statutes are criminal in nature, however,

---

[2] In some of her following papers, Plaintiff states that she is asserting claims under 28 U.S.C. §§ 1983, 1985, and 1986, as well as claims for defamation and conspiracy." *See, e.g.,* Pl.'s Resp. 1, ECF No. 10. Even if this Court construed *pro se* Plaintiff's statements as an attempt to seek leave to

and they do not provide a private right of action. *Chadda v. Mullins*, Civ. A. No. 10-4029, 2010 WL 4484622, at *2 (E.D. Pa. Nov. 9, 2010) (noting that "18 U.S.C. § 875 does not authorize a private cause of action"); *Osborn v. Salter*, Civ. A. No. 507CV00016, 2007 WL 1202848, at *1 (W.D. Va. Apr. 23, 2007) ("Private citizens . . . have no private right of action under the CDA, [47 U.S.C. § 223]."); *Jacobus v. Huerta*, Civ. A. No. 3:12-02032, 2014 WL 1723631, at *10 (S.D.W.V. Apr. 22, 2013) (no private right of action under 18 U.S.C. § 2261); *Tani v. President/CEO, Salomon Bros. Realty Corp./Citigroup*, Civ. A. No. CCB-03-2566, 2005 WL 1334604, at *4 (D. Md. May 31, 2005) (noting that 18 U.S.C. § 1509 was not "intended to be used in civil litigation or as a basis for a private right of action"), *aff'd sub nom. Tani v. Salomon Bros. Realty Corp./Citigroup*, 155 F. App'x 715 (4th Cir. 2005); *El-Bey v. Rogalski*, No. GJH-14-3784, 2015 WL 1393580, at *3 (D. Md. Mar. 24, 2015) (noting that 18 U.S.C. § 241 is a criminal statute and "therefore provide[s] for no private right of action"). Accordingly, Plaintiff has failed to plead a valid federal claim.[3]

---

amend her Complaint, this Court sees no basis for granting that relief at this time. Claims under 28 U.S.C. §§ 1983, 1985, and 1986 require state action, and Plaintiff has not pled any facts to plausibly demonstrate that Defendant, the only named Defendant in this action, is a state actor. In addition, Plaintiff has not pled sufficient facts at this time to support a claim for defamation or conspiracy.

[3] Due to the fact that Plaintiff has failed to plead a valid federal claim, this Court has no subject matter jurisdiction under 28 U.S.C. § 1331. However, Plaintiff also asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 due to diversity of citizenship for the assault and malicious prosecution claims. Plaintiff is a citizen of Pennsylvania. Defendant is a citizen of Virginia. While Plaintiff's Complaint does not clearly specify the amount of compensatory damages that she seeks, she requests $1 million in punitive damages. While the use of punitive damages to satisfy the jurisdictional amount-in-controversy requirement is subject to special scrutiny, this Court also notes that Plaintiff has alleged that Defendant's actions have "hindered her ability and capacity to earn a living and substantial income (**between $75,000-$150,000 annually)**." Pl.'s Compl. 12. While the Plaintiff's effort to satisfy the amount-in-controversy requirement appears somewhat dubious, this Court has nevertheless reviewed Plaintiff's assault and malicious prosecution claims under Rule 12(b)(6).

### B. <u>Assault</u>

Plaintiff's Complaint also alleges a cause of action for assault. Under Maryland law, "assault is defined as an 'attempt to cause a harmful or offensive contact with another or to cause an apprehension of such contact.'" *Miles v. DaVita Rx, LLC*, Civ. A. No. CCB-12-854, 2013 WL 4516468, at *8 (D. Md. Aug. 23, 2013) (quoting *Wallace v. Poulos*, 861 F. Supp. 2d 587, 596 n. 9 (D. Md. 2012)). Although Plaintiff repeatedly asserts that Defendant has subjected her to domestic abuse, she has alleged no facts to support those allegations. Such bald allegations are insufficient under *Iqbal* and *Twombly*, and Plaintiff's assault claim will be dismissed.

### C. <u>Malicious Prosecution</u>

Plaintiff also appears to allege that Defendant is liable to her for malicious prosecution due to her arrest at the Maryland State Trooper Barracks D.[4] The elements of malicious prosecution are: (1) a prior proceeding was instituted by the defendant; (2) the prior proceeding was instituted without probable cause; (3) the prior proceeding was instituted by the defendant with malice; and (4) the prior proceeding was terminated in favor of the plaintiff. *See Heron v. Stradler*, 761 A.2d 56, 59 (Md. 2000). Plaintiff alleges that the Defendant "maliciously swore in and filed a **false criminal complaint & false police** [sic] **under the Penalty of Perjury** against (Plaintiff) Donna M. Alexander with a Magistrate and Local Police Officers in Prince William County Virginia." Pl.'s Compl. 7. Plaintiff has failed to explain how the alleged statements in the criminal complaint and police reports (whatever

---

[4] While Plaintiff's Complaint does not include a clear section on malicious prosecution, she does assert that "**[t]he elements of Malicious Prosecution were met**" in the section titled "18 U.S. Code § 1509 Obstruction of a Court Order." *See* Pl.'s Compl. 8, ECF No. 1.

those statements may have been) resulted in the institution of a proceeding without probable cause. Thus, Plaintiff's conclusory allegations are insufficient to plausibly state a claim for malicious prosecution.

**II.    OTHER OPEN MOTIONS**

Both parties have filed a number of other motions that remain pending on the docket. These motions include Plaintiff's Motion for Certificate of Default Judgment (ECF No. 11), Defendant's Motion to Deny Certificate of Default Judgment (ECF No. 12), Plaintiff's Motion for Temporary Injunction and Restraining Order (ECF No. 13), and Defendant's Motion to Dismiss Motion for Temporary Injunction and Restraining Order (ECF No. 14). Because Plaintiff's Complaint will be dismissed, these motions are now moot.

CONCLUSION

For the reasons stated above, Defendant Reginald Henry Hendrix's Motion to Dismiss (ECF No. 8) is GRANTED and this case will be DISMISSED. Due to the dismissal of this case, Plaintiff's Motion for Certificate of Default Judgment (ECF No. 11), Defendant's Motion to Deny Certificate of Default Judgment (ECF No. 12), Plaintiff's Motion for Temporary Injunction and Restraining Order (ECF No. 13), and Defendant's Motion to Dismiss Motion for Temporary Injunction and Restraining Order (ECF No. 14) are DENIED as moot.

A separate Order follows.

Dated:    May 29, 2015                           /s/
                                        Richard D. Bennett
                                        United States District Judge